**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1567**

HERBERT BRYANT,

   Plaintiff - Appellee,

  v.

VILLAGE OF BALD HEAD ISLAND, NORTH CAROLINA; CALVIN R. PECK, JR., in his official capacity as Village Manager of Bald Head Island; CAROLINE MITCHELL,

   Defendants - Appellants.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Malcolm J. Howard, Senior District Judge.  (7:14-cv-00223-H)

Submitted:  June 26, 2018         Decided:  July 10, 2018

Before DUNCAN, AGEE, and WYNN, Circuit Judges.

Dismissed in part, affirmed in part, reversed in part, and remanded by unpublished per curiam opinion.

Norwood Pitt Blanchard, III, CROSSLEY MCINTOSH COLLIER HANLEY & EDES PLLC, Wilmington, North Carolina, for Appellants.  Carlos Enrique Mahoney, GLENN MILLS FISHER & MAHONEY, PA, Durham, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The Village of Bald Head Island, North Carolina, Calvin R. Peck, Jr., and Caroline Mitchell appeal the district court's order granting in part and denying in part their motion for summary judgment. For the reasons stated in our opinion in *Cannon v. Vill. of Bald Head Island*, 891 F.3d 489 (4th Cir. 2018), we reverse the district court's denial of qualified immunity to Peck and Mitchell on Herbert Bryant's First Amendment claim, affirm the district court's denial of qualified immunity on Bryant's due process claim,[*] dismiss the remainder of this appeal, and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART, AFFIRMED IN PART,*
*REVERSED IN PART, AND REMANDED*

---

[*] Although in *Cannon* we determined that Mitchell did not properly raise her qualified immunity defense as to the officers' due process claim before the district court, she did adequately raise the defense below in this case. 891 F.3d at 501 n.2. However, we conclude that her drafting of the Form F-5B and joint failure with Peck to offer Bryant a pre-termination hearing precludes an award of qualified immunity to Mitchell on Bryant's due process claim. *See id.* at 501-06.